# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **ALLIED INSURANCE CO. OF AMERICA, as subrogee of Gloss Roots by Escarlate, LLC**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ECOVACS ROBOTICS, INC.**<br><br>        **Defendant.** | **Case No.: 1:19-cv-00013-ACL** |

### MOTION OF DEFENDANT ECOVACS ROBOTICS, INC. TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Ecovacs Robotics, Inc. ("Ecovacs"), by and through undersigned counsel, respectfully request, pursuant to Fed. R. Civ. P. 12(b)(2), that the Court dismiss Plaintiff's Complaint without prejudice.  Dismissal is appropriate for the following reasons:

1.       Plaintiff, Allied Insurance Company of America (hereinafter "Allied") as a subrogee of Gloss Roots by Escarlate, LLC (hereinafter "Gloss Roots") filed a two-count complaint against Ecovacs asserting claims of strict products liability (Count I) and negligence (Count II) related to a fire allegedly caused by an alleged defect in the EyeVac Vacuum.[1]

2.       Allied issued a summons to Ecovacs in the State of California in an effort to obtain service on the purported manufacturer of the EyeVac Vacuum.

---

[1] Defendant was served with the Complaint on or about January 28, 2019.  On February 14, 2019, before a response was due, Plaintiff's counsel agreed to an extension of time for Defendant to respond to the Complaint until March 8, 2019.

3.  Ecovacs is not the manufacturer of the EyeVac Vacuum.

4.  Ecovacs is a corporation incorporated under the laws of the State of Delaware and has a principal place of business in the State of California.

5.  Ecovacs has not engaged in the business of manufacturing the EyeVac Vacuum for entry into the stream of commerce.

6.  Ecovacs has not engaged in the business of selling, marketing, advertising, distributing, branding, or shipping the EyeVac Vacuum.

7.  Ecovacs manufactures, sells, markets, advertises, distributes, brands, and ships two robotic vacuum cleaners, namely, the DEEBOT, a floor cleaning robot, and the WINBOT, a window cleaning robot.

8.  Ecovacs has entered into contracts in the State of Missouri with respect to the distribution and advertising of the DEEBOT and the WINBOT.

9.  Ecovacs is not licensed to do business in the State of Missouri, it is not registered to do business in the State of Missouri, and it does not have a registered agent within the State of Missouri.

10. Ecovacs has not sold or shipped any EyeVac Vacuums to the State of Missouri.

11.     Ecovacs does not have any agents, offices, employees, or property within the State of Missouri.

12.     Ecovacs owns no assets within the State of Missouri.

13.     Ecovacs does not own, use, or possess any real property located in the State of Missouri.

14.     Ecovacs has not committed a tortious act within the State of Missouri.

15.     No specific jurisdiction exists over Ecovacs in that it has not manufactured the EyeVac Vacuum which is the subject of the litigation.  This litigation did not arise from Ecovacs' contacts within the state of Missouri, and as such cannot support the Court's exercise of personal jurisdiction under the auspices of Missouri's long-arm statute or the Due Process Clause of the United States Constitution.

16.     No general jurisdiction exists over Ecovacs in that Missouri is neither Ecovacs' state of incorporation nor its principal place of business.  Moreover, Ecovacs' contacts and affiliations within the state of Missouri are not continuous and systematic such that Ecovacs is essentially at home within Missouri.

17.     As Ecovacs has committed no acts enumerated under Missouri's Long-Arm Jurisdiction Statute, and there are insufficient minimum contacts between Ecovacs and the State

of Missouri, this Court does not have personal jurisdiction over Ecovacs, and Ecovacs would be deprived of due process if litigation were pursued in this State.

18.     Accompanied with this Motion is a Memorandum of Law in Support further explaining why this Court should dismiss the lawsuit.

Wherefore, Defendant Ecovacs Robotics, Inc., respectfully requests that the Court grant its Motion to Dismiss and grant such other relief as Defendant Ecovacs Robotics, Inc. may show itself entitled and the Court deems to be reasonable, appropriate, and just.

Respectfully submitted,

**Case Linden P.C.**


/s/ Cory R. Buck
Cory R. Buck, MO 67702
Trevor M. Bond, MO 67957
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
cory.buck@caselinden.com
trevor.bond@caselinden.com
Attorneys for Defendant

**Certificate of Service**

   I hereby certify that on March 8, 2019, a true and correct copy of the above and foregoing was filed by electronic filing with the Clerk of the Court using the JIMS electronic filing system which sent notice of electronic filing to the following:

Marisa L. Saber
Jonathan M. Levy
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Attorney for Plaintiff

                /s/ Cory R. Buck
                Cory R. Buck