UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALLIED INS. CO. OF AMERICA, as subrogee of Gloss Roots by Escarlate, LLC<br><br>Plaintiff,<br><br>vs.<br><br>ECOVACS ROBOTICS, INC.,<br><br>Defendant. | Case No. 1:19CV13 SNLJ |

**MEMORANDUM and ORDER**

Plaintiff Allied Insurance Company of America brought this products liability lawsuit as subrogee of its insured, Gloss Roots by Escarlate, LLC, against defendant Ecovacs Robotics, Inc. claiming strict liability and negligence related to a fire alleged caused by defendant's EyeVac product. Defendant has moved to dismiss based on lack of personal jurisdiction (#7). Plaintiff did not respond to the motion, and the time for doing so has passed.

**I.   Background**

According to the complaint, Gloss Roots, which operates a hair salon and retail store in Fredericktown, Missouri, purchased an EyeVac in October 2017 to use as a robotic vacuum cleaner. On January 7, 2018, while the EyeVac was not in use, the EyeVac overheated and caused a fire that damaged Gloss Roots. Gloss Roots's insurance company, plaintiff Allied, brought this litigation to recover against the manufacturer of

1

the EyeVac that value of the claim. Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and that damages exceed $75,000.

Plaintiff acknowledges in the complaint that Ecovacs is a Delaware corporation with its principal place of business in California. Plaintiff does not allege any facts regarding the selling, marketing, advertising, distributing, branding, or shipping of the EyeVac by Ecovacs in Missouri. Ecovacs filed the instant motion arguing that this Court should dismiss the complaint against it because the Court lacks personal jurisdiction over Ecovacs.

**II.      Discussion**

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

Personal jurisdiction may be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*"). The exercise of general jurisdiction over a corporation may take place where

"the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* Here, defendant is a Delaware corporation with its principal place of business in California. Thus, this Court does not have general jurisdiction over defendant.

"Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Id.* (quoting *Daimler AG v. Bauman*, 134 S.Ct. 746,754 (2014)). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The Missouri Long-Arm Statute provides that jurisdiction extends to "any cause of action arising from" the "transaction of business within" or the "commission of a tortious act" within Missouri. § 506.500.1(1), (3) RSMo. The Missouri legislature's objective in enacting the statute "was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. banc 1970). Thus, critical to the "analysis is whether the exercise of personal jurisdiction in this case comports with due process." *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000). The Constitution's Due Process Clause requires that there be

3

"minimum contacts" between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (internal quotations omitted).

Defendant contends that its contacts with Missouri do not justify personal jurisdiction in this case. Significantly, plaintiff did not respond to defendant's motion to dismiss.

The Eighth Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak USA, Inc.*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)).

"The baseline for minimum contacts is some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Clune*, 233 F.3d at 542 (internal quotation omitted). Defendant's contact with Missouri must be such that it "should reasonable anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Plaintiff alleges that defendant engaged in the business of selling, marketing, advertising, distributing, branding and shipping robotic vacuum cleaners, and that defendant placed the EyeVac into the stream of commerce.

4

Defendant argues that it cannot have reasonably anticipated being haled into a Missouri court because the lawsuit does not arise out of or relate to the contacts Ecovacs had in Missouri. Defendant denies that the EyeVac is even a product of Ecovacs. Rather, defendant states in its memorandum that Ecovacs's products are the DEEBOT and the WINBOT. Although plaintiff does not refute that point, having not responded to the motion at all, the Court notes that the plaintiff's mere allegation that that defendant put the EyeVac into the stream of commerce is not sufficient to support specific jurisdiction. This Court recently rejected such a "stream of commerce" theory in the wake of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773 (2017). *See A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1037 (E.D. Mo. 2018).

Plaintiff's complaint lacks a sufficient nexus between the its claims and Ecovacs's contacts with Missouri. The Court lacks personal jurisdiction over defendant, and the matter will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#7) is **GRANTED**.

Dated this 20th day of May, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE